# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

WALLACE T. ROBINSON,                                                                         PLAINTIFF
ADC #169328

V.                                           4:21CV00235-JM-JTK

JOE PAGE, III, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Wallace Robinson, a state inmate incarcerated at the Tucker Unit of the Arkansas Division of Correction, filed this pro se complaint pursuant to 42 U.S.C. § 1983, alleging due process violations with respect to a disciplinary charge he received. He asked for expungement of his record and damages against Defendants Page, Naylor, Payne, Bridges, and Does.

Having reviewed his Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted

**I.    Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**II.     Facts and Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Plaintiff alleged Defendant

Doe filed a false disciplinary charge against him, and Defendant Bridges failed to properly investigate the charge and denied his request to present videotape evidence which would exonerate him. He claimed Defendants Page, Naylor, and Payne failed to correct due process violations on appeal, that all Defendants violated ADC policies/regulations, and slandered him. He asked for expungement of the disciplinary, restoration of his class, and damages.

To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). Plaintiff was not deprived of life or property; therefore, he must identify the deprivation of a liberty interest to sustain a due process challenge to his prison disciplinary proceeding. Id. at 847; Sandin v. Conner, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement."[1] Phillips, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" Phillips, 320 F.3d at 847 (quoting Beverati v. Smith, 120 F.3d 500, 503

---

[1] The Court further notes that a change in classification level does not implicate a liberty interest.   See Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (no federally protected right regarding classification); Strickland v. Dyer, 628 F. Supp. 180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Additionally, while a prisoner may have a liberty interest in keeping good time credits he has already earned, he can only pursue the restoration of those good time credits in a federal habeas action, after he has exhausted all of his available remedies in state court.   28 U.S.C. § 2254; Edwards v. Balisok, 520 U.S. 641, 643–44; Heck v. Humphrey, 512 U.S. 477 (1994); Portley–El v. Brill, 288 F.3d 1063, 1066–67 (8th Cir. 2002).   Similarly, a prisoner cannot obtain damages for the loss of any wrongfully taken good time credits until his allegedly improper disciplinary convictions are reversed by the highest state court or in a federal habeas action.   Id.

(4th Cir. 1997)). Plaintiff does not describe how he was punished as a result of the disciplinary process; accordingly, he describes no change in conditions that could constitute the deprivation of a liberty interest.

In addition, any allegations based solely on Defendants' failure to follow ADC policies and procedures should be dismissed, for failure to state a claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). Finally, an allegation of slander does not state a constitutional claim for relief. See Paul v. Davis, 424 U.S. 693 (1976), where the United States Supreme Court held that defamation by a state or local official does not in itself violate rights protected by the federal constitution; Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986), where the court stated that defamation is not actionable under section 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under

3.  The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 29th day of March, 2021.

```
_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE
```

---

imminent danger of serious physical injury.